BROOKS, The HENRY C. See Case No. 6,374.

BROOKS, The JOHN. See Case No. 7,335.

BROOKS, The JOHN C. See Case No. 7,336.

BROOKVILLE NAT. BANK (WALZ v.). See Case No. 17,137.

———

## Case No. 1,966.

### In re BROOME.

[3 Ben. 488;[1] 3 N. B. R. 343 (Quarto, 90).]

District Court, S. D. New York. Nov. 15, 1869.

BANKRUPTCY — FRAUDULENT TRANSFER — TRUST DEED— CLOUD ON TITLE — SUIT BY ASSIGNEE— PETITION.

A trust deed of lands in Florida, made by a bankrupt, who remained in possession of the lands till the filing of his petition in bankruptcy, will not be set aside by the bankruptcy court on petition of the assignee, unless such petition states that the lands were conveyed by the bankrupt in fraud of his creditors under the laws of Florida, or facts showing that they were so conveyed, and, therefore, passed to the assignee under the 14th section of the bankruptcy act [Act March 2, 1867; 14 Stat. 522.]

In bankruptcy. In this case, the assignee in bankruptcy presented a petition to the court asking for the cancellation of a trust deed executed by the bankrupt [James E. Broome] of lands in Florida. [Dismissed.]

John McDonald, for petition.
Alexander & Green, in opposition.

BLATCHFORD, District Judge. The petition of the assignee in bankruptcy alleges only, that the trust deed which it sets forth was made, conveying the lands in Florida described in the deed; that it was duly delivered to the grantees and recorded by them; that the conditions on which the trust was

to be carried out came into operation, but the trustees did not take possession of the lands or take any step to carry out the trust; that the bankrupt remained in possession of the lands until he filed his petition in bankruptcy; and that the assignee cannot make sale of the lands while the trust deed remains as a cloud on the title. The petition then prays that the trust deed may be set aside and delivered up by the trustees to be cancelled and removed from the records in Florida. There are no allegations to sustain the prayer for relief. The petition does not allege that the lands were conveyed by the bankrupt in fraud of his creditors, nor does it state any facts showing that they were so conveyed, so as to show that the lands passed to the assignee in bankruptcy, as being, within the 14th section of the act, properly "conveyed by the bankrupt in fraud of his creditors." As the property was real estate situated in Florida, it should have been alleged and proved that the conveyance was in fraud of creditors' under the laws of Florida.

The petition is dismissed, with costs.

[NOTE. For decree setting aside an assignment of the bankrupt's lands in Florida, see following case, No. 1,967.]

———

## Case No. 1,967.

### In re BROOME.

[3 N. B. R. 444 (Quarto, 113).][1]

District Court, S. D. New York. Feb. 8, 1870.

BANKRUPTCY—PROHIBITED AND FRAUDULENT TRANSFERS—SUIT BY ASSIGNEE.

When an assignment was made by bankrupt, of lands in Florida, for the benefit of such of his creditors only as should sign a compromise agreement, *held*, void as against assignee in bankruptcy.

[In bankruptcy. Proceeding by the assignee in bankruptcy of James E. Broome to set aside an assignment of the bankrupt's lands. Decree for assignee. For dismissal of petition to set aside a deed of trust, see preceding case, No. 1,966.]

John McDonald, for assignee in bankruptcy.
Alexander & Green, for voluntary assignees.

BLATCHFORD, District Judge. I think that the assignment executed by the bankrupt on the 10th of October, 1865, of lands in Florida, was made in fraud of his creditors, and that it must be decreed to be void as against the assignee in bankruptcy. It contains a provision appropriating the lands to the payment of such creditors as shall sign a compromise agreement, and of none others, with a direction that the surplus shall then revert to the assignor. It was not an assignment of the whole of the assignor's property. It was void under the laws of Florida as being an assignment to hinder and delay creditors.

———

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[1] [Reprinted by permission.]